UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN LOG HOMES, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:07CV1339 AGF |
| DARRELL J. BOSSE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants Darrell Bosse and Susan Bosse for summary judgment on Count I of Plaintiff's complaint. Oral argument was held on the motion on December 1, 2008. For the reasons set forth below, the motion shall be denied.

Plaintiff American Log Homes, Inc., designs log homes and sells logs for use in building them. Darrell Bosse was Plaintiff's sales and marketing representative and manager of its sales and milling facility in Cuba, Missouri. Susan Bosse, Darrell Bosse's wife, was also an agent of Plaintiff's. Plaintiff alleges that after it terminated Defendants and Defendants went to work for a competitor, Defendants used Plaintiff's customer lists and trade secrets and publically misrepresented in a mailer and an email that Plaintiff was shutting down its Missouri plant. In its four-count complaint, Plaintiff claims false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) (Count I); and state law claims of unfair competition, defamation, and injurious falsehood (Count II), intentional interference with prospective business advantage (Count III), and

misappropriation (Count IV). Count I is based upon a mailer dated October 18, 2006, and an email dated June 29, 2007.

To establish a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must prove: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (3) the deception was material, in that it was likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products. United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998). Failure to establish any one of these elements is fatal to the claim. Allsup, Inc. v. Advantage 2000 Consultants Inc., 428 F.3d 1135, 1138 (8th Cir. 2005).

Under the first element, a statement is false if it is either (1) literally false, or (2) literally true or ambiguous, but renders a "false impression" when viewed in context. Id. A literally false statement can be determined as a matter of law, but whether a statement is misleading is considered a matter of fact. Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). Likelihood of confusion is a fact-intensive inquiry. Mid-State Aftermarket Body Parts, Inc. v. MQVP, Inc., 466 F.3d 630, 634 (8th Cir. 2006) (reversing grant of summary judgment on a Lanham Act claim). The level of proof needed to satisfy the deception element is higher where the statement in question was literally true; the level of proof is lower where the defendant's intent to deceive or bad

faith has been established.  United Indus. Corp., 140 F.3d at 1180.

Summary judgment is appropriate when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  Allsup, Inc., 428 F.3d at 1138 (quoting Fed. R. Civ. P. 56(c)).  In considering a motion for summary judgment, the court must view the evidence and the inferences that may reasonably be drawn from the evidence in the light most favorable to the nonmoving party.  Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  United Fire & Cas. Co. v. Gravette, 182 F.3d 649, 654 (8th Cir. 1999).  If this burden is discharged, the burden then shifts to the non-moving party, who is required to set forth specific facts showing there exists a genuine dispute on a material factual issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In support of their motion for summary judgment on Count I, Defendants argue that the record establishes that the October 2006 mailer was not factually false; that Plaintiff is not aware of any person who received the mailer, aside from the few individuals identified by Defendants; that Plaintiff cannot show that the mailer deceived or had the tendency to deceive a substantial segment of its audience; and that Plaintiff's evidence does satisfy the last element of a claim under the Lanham Act -- injury.  With respect to the June 2007 email, Defendants argue that the evidence shows that Plaintiff

knows of no person who was confused or deceived by the email, and that Plaintiff suffered no lost business opportunity or any damage as a result of the email.

The Court concludes that Plaintiff has produced sufficient evidence of injury to withstand summary judgment and that viewing the evidence in the light most favorable to Plaintiff, Defendants have failed to established that Plaintiff cannot meet the first four elements of a Lanham Act claim. For example, the Court concludes that there remains an issue of material fact whether the mailer was sent to more than the handful of people identified by Defendants. Also, the level of circulation required to constitute advertising and promotion will vary from industry to industry. See, e.g., Nat'l Artists Mgmt. Co. v. Weaving, 769 F. Supp. 1224, 1235 (S.D.N.Y. 1991).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment on Count I of Plaintiff's complaint is **DENIED**. [Doc. #110].

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of December, 2008